Form: Dismiss TRAP 42.2 Appellant's Motion



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MICHAEL EARL WALLACE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00281-CR



Appeal from the


Criminal District Court


of Dallas County, Texas 


(TC# F-0150351-TH)


MEMORANDUM OPINION


 Michael Earl Wallace appeals from a conviction for aggravated assault after a jury
trial. The jury assessed punishment at ten years' confinement. The judgment reflects this
determination, and credits time from October 16, 2001, to the date of judgment May 28,
2002. Wallace argues on appeal that the time credited should have been from March 11,
2001. The State agrees. Finding that the law and the record both support this reform, we
modify the trial court's judgment in accordance with argument of the parties, without oral
argument, and affirm the judgment as modified.

 Wallace was arrested on March 11, 2001, for shooting a man in the early morning
hours outside a night club in Dallas. He was indicted on March 14 for aggravated assault. 
There is no indication that he was released on bond at any point. On June 28, 2001, a jury
found Wallace incompetent to stand trial and he was ordered committed. On January 9,
2002, another jury found Wallace competent to stand trial. A trial ensued, and Wallace
was found guilty and sentenced to ten years' confinement. The judgment reflected time
credited only from October 16, 2001. The brief from the State agrees that the proper time
credited should be from March 11, 2001.

 A confession of error by the state in a criminal case is important, but not
conclusive in deciding an appeal. Saldano v. State, 70 S.W.3d 873, 884 (Tex. Crim. App.
2002) (citing Young v. United States, 315 U.S. 257, 258-59, 62 S.Ct. 510, 86 L.Ed. 832
(1942)). "[O]ur judgments are precedents, and the proper administration of the criminal
law cannot be left merely to the stipulation of parties." Id. In this case, the law strongly
supports the modification that the parties request.

 After a defendant has been sentenced, the judge of the trial court is required to
credit the defendant's sentence for the time the defendant has spent in jail from the time
of his arrest and confinement to the date of his sentencing. Tex. Code Crim. Proc. Ann.
art. 42.03, § 2(a) (Vernon Supp. 2003). A defendant is also entitled to time he spends
confined in a mental health or mental retardation facility pending trial. Tex. Code Crim.
Proc. Ann. art. 46.02, § 9 (Vernon 1979). Wallace was arrested on March 11, 2001, and
sentenced on May 28, 2002. Between these dates, Wallace was either in jail or in a
mental health facility. Therefore, he was entitled to credit for each of the days between
March 11, 2001, and May 28, 2002.

 We are authorized to modify a trial court's judgment and affirm it as modified. 
Tex. R. App. P. 43.2(b). Since it appears clear from the argument and record that Wallace
is entitled to credit for the period from March 11, 2001, through May 28, 2002, the
judgment of the trial court is modified to reflect this. In all other respects, the judgment
of the trial court is affirmed.


 SUSAN LARSEN, Justice

July 31, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)